**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-2446**

---

GEORGES NTCHE TISSAH,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

---

**No. 03-2055**

---

GEORGES NTCHE TISSAH,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals. (A75-376-745)

---

Submitted: June 30, 2004              Decided: August 27, 2004

---

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

No. 02-2446, petition denied; No. 03-2055, petition denied in part and granted in part, vacated in part and remanded by unpublished per curiam opinion.

Morris H. Deutsch, Carolyn Ann Killea, OSBORNE & DEUTSCH, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, M. Jocelyn Lopez Wright, Assistant Directors, Michele Y. F. Sarko, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Georges Ntche Tissah, a native and citizen of Cameroon, seeks review of two decisions of the Board of Immigration Appeals (Board). In No. 02-2446, he petitions for review of the Board's decision affirming the immigration judge's denial of asylum relief and withholding of removal. Ntche bore the burden of demonstrating his refugee status. 8 C.F.R. § 1208.13(a) (2004); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). To obtain reversal of a determination denying asylum, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Ntche's evidence does not compel a result contrary to the decision of the Board.

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Ntche has failed to establish refugee status, he cannot satisfy the higher standard for withholding of removal.

In No. 03-2055, Ntche petitions for review of the Board's order denying his motion to reopen. The Board's order stated that Ntche had presented no "evidence relevant to the likelihood of

- 3 -

torture, as defined by regulation," citing 8 C.F.R. § 1208.16(c)(3) (2004). However, Ntche did present four U.S. Department of State Country Reports on Cameroon, each detailing government torture of detainees in situations arguably the same as that in which Ntche will find himself upon his removal to Cameroon. This appears to be "relevant information regarding conditions in the country of removal." § 1208.16(c)(3)(iv). Therefore, we vacate the decision of the Board as to the denial of the motion to reopen for presentation of a CAT claim, and remand so that the Board can assess the impact of this evidence. We have reviewed the record and the Board's order and conclude that the Board did not abuse its discretion in denying the motion to reopen the asylum claim. See 8 C.F.R. § 1003.2(a) (2004); INS v. Doherty, 502 U.S. 314, 323-24 (1992).

Accordingly, in No. 02-2446, we grant Ntche's motion to add pages to the administrative record, deny his motion to allow a document into evidence, and deny the petition for review. In No. 03-2055, we deny the motion to allow a document into evidence, deny the petition for review in part, grant it in part, vacate the decision of the Board as to the Torture claim, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 02-2446: <u>PETITION DENIED</u>
No. 03-2055: <u>PETITION DENIED IN PART
AND GRANTED IN PART, VACATED
IN PART AND REMANDED</u>